# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| BASIMAH KHULUSI M.D., LLC, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:18-CV-00425-DGK |
| HONEYWELL INTERNATIONAL, INC., | ) |
| Defendant. | ) |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff Basimah Khulusi, M.D., Inc., alleges Defendant Honeywell International, Inc., ("Honeywell International") infringed on its patent for workplace safety goggles by making and selling a similar product. Now before the Court is Defendant's Motion to Dismiss or, in the alternative, Transfer (Doc. 12).[1] Because Plaintiff has failed to make a prima facie showing that Honeywell International purposefully availed itself to the forum, the motion to dismiss is GRANTED.

## Background

Plaintiff is a Missouri company that patented safety goggles worn over eyeglasses, which Dr. Basimah Khulusi, a medical doctor, invented. Honeywell International is a parent company to organizations that make and sell a variety of consumer and commercial products. One such subsidiary is Honeywell Safety Products, USA, Inc., ("Honeywell Safety") which, among other things, designs and sells eye protection products.

In December 2015, Plaintiff's counsel sent a licensing letter to Honeywell International and Honeywell Safety, offering to license Plaintiff's patent for UVEX goggles, which are sold on

---

[1] Because the issues presented are clear, the Court finds that oral argument is unnecessary and DENIES Honeywell International's request for oral argument.

Honeywell Safety's website (Doc. 17-3). Matthew Smyth, an assistant general counsel of intellectual property at Honeywell International, replied that he represented Honeywell Safety and that the company refused to accept a licensing arrangement with Plaintiff (Doc. 18-1). Plaintiff then filed this patent-infringement claim against Honeywell International on June 1, 2018 (Doc. 1). In response, Honeywell International filed this motion to dismiss or, in the alternative, transfer, arguing this Court does not have personal jurisdiction over Honeywell International, Plaintiff has failed to state a claim, and, at the least, the case should be transferred to Delaware.

## Discussion

The Court addresses only Honeywell International's argument that this Court does not have personal jurisdiction over it because that issue is dispositive of this motion.

### I. This Court does not have personal jurisdiction over Honeywell International.

The exercise of personal jurisdiction must comport with the forum's long-arm statute and with due process. *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998).[2] Since Missouri's long-arm statute authorizes the exercise of jurisdiction over non-residents to the extent permitted by the due process clause, Mo. Rev. Stat. § 506.500 (2016), the jurisdictional analysis collapses into a single inquiry, *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012).

Due process requires a defendant to have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). The "minimum contacts" necessary may be specific or general, but

---

[2] Because this is a patent-infringement action, the Court looks to Federal Circuit law to determine whether it has personal jurisdiction over Honeywell International. *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010).

2

regardless of which is asserted, the primary focus is the defendant's relationship to the forum. *Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cty.*, 137 S. Ct. 1773, 1779 (2017).

### A. The Court does not have general jurisdiction over Honeywell International.

Plaintiff first avers the Court has general jurisdiction over Honeywell International (Doc. 17 at 18). But neither of the paradigm bases for general jurisdiction exist since Honeywell International is a Delaware corporation with its principal place of business in New Jersey. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding the place of incorporation and principal place of business are paradigm bases for general jurisdiction). And Honeywell International certainly cannot be said to have contacts so continuous and systematic as to render it essentially at home in Missouri. *See id.* (holding that the presence of multiple offices, the direct distribution of thousands of products accounting for billions of dollars in sales, and the continuous interactions with customers in the forum are not enough to support the exercise of general jurisdiction). The Court does not have general jurisdiction over Honeywell International.

### B. The Court does not have specific jurisdiction over Honeywell International.

A closer call is whether this Court has specific jurisdiction. The Federal Circuit has outlined a three-pronged test for determining whether specific jurisdiction exists: "(1) whether the defendant purposefully directs activities at the forum[] … ; (2) whether the claim arises out of or relates to those activities; and (3) whether assertion of personal jurisdiction is reasonable and fair." *AFTG-TG*, 689 F.3d at 1361. Once the plaintiff has made a prima facie showing that the first two elements of the due process requirement are met, the burden shifts to the defendant to prove jurisdiction is unreasonable. *Celgard, LLC v. SK Innovation Co.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015) (citation omitted). "[A] district court must accept the *uncontroverted* allegations in the

3

plaintiff's complaint as true and resolve any factual conflicts in the affidavits in the plaintiff's favor." *M-I Drilling Fluids UK Ltd. v. Dynamic Air Ltda.*, 890 F.3d 995, 999 (Fed. Cir. 2018) (internal citations and quotations omitted) (emphasis added).

Plaintiff claims the Court has specific jurisdiction over Honeywell International because Honeywell International "sold its infringing products in this State and this district," "advertises the infringing products in this State and district, and promotes licensed retailers in this State and district" (Doc. 1 at ¶¶ 7, 8). More specifically, Plaintiff alleges that Honeywell International purposefully directed its activities at Missouri by selling UVEX goggles to various resellers located in the Kansas City, Missouri, area (Doc. 17 at 16). Honeywell International contends Plaintiff cannot make a prima facie showing that personal jurisdiction exists because Honeywell International does not advertise, make, or sell UVEX goggles at all, much less in Missouri. In support, Honeywell International supplies an affidavit from Daniel Birch, the Global Category Leader for UVEX goggles, which states that Honeywell Safety—not Honeywell International—designs, markets, offers to sell, and sells the safety goggles (Doc. 13-1).

In an attempt to refute Honeywell International and make a prima facie showing that personal jurisdiction exists, Plaintiff first submits an exhibit of the UVEX website, which is linked to Honeywell Safety's website (Doc. 17-1). But this exhibit provides no proof that Honeywell International in fact advertises and sells UVEX goggles. Even if it did, the advertisement of UVEX goggles on a consumer website is not enough to show purposeful availment to each state in which Honeywell International would, but has not yet, provided or even offered a sale. The existence of a consumer website, without more, is insufficient to show that Honeywell International has minimum contacts with Missouri. *See NexLearn, LLC v. Allen Interactions, Inc.*, 859 F.3d 1371, 1379 (Fed. Cir. 2017) ("Something more [than an interactive website] is needed—whether it be

4

actual sales, targeted advertising, or contractual relationships—to connect the defendant's infringing acts of making, using, offering, or selling its product with the forum State."); *see also Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005) (finding that absent evidence the defendant's website is directed at the forum or that forum residents have ever used the website to transact business, there is no personal jurisdiction over the defendant).

Recognizing the UVEX website is not enough to establish specific jurisdiction, Plaintiff also attaches an exhibit of a webpage titled, "Where to Buy Honeywell Safety Products" on Honeywell Safety's website (Doc. 1-2). The page displays a map, which allows prospective customers to "[f]ind an authorized distributor of Honeywell Safety Products by using your current location or typing in your desired zip code or city in the tool below." It then shows a number of retailers in the Kansas City, Missouri, area. While this exhibit shows Honeywell Safety distributed UVEX goggles to retailers in Missouri, it does not show *Honeywell International* conducted any business, much less made sales of infringing articles, here. "[I]t is well-settled law that, absent a piercing of the corporate veil (which neither party alleges), a parent company is not liable for the acts of its subsidiary." *Dow Jones & Co. v. Ablaise Ltd.*, 606 F.3d 1338, 1349 (Fed. Cir. 2010). This is insufficient to prove Honeywell International had minimum contacts with Missouri.[3]

Finally, Plaintiff asserts that Honeywell International has purposefully directed its activities at Missouri because it manages the Kansas City National Security Campus in Kansas City, Missouri. But even if Honeywell International manages the campus—a fact Honeywell International disputes—those contacts do not arise out of or relate to the alleged infringing conduct

---

[3] Plaintiff summarily claims these webpages show that Honeywell International purposefully availed itself to the forum because Honeywell International has a copyright on both websites. But a website copyright has no bearing on the jurisdictional question here; it simply shows ownership over the website design and its content, not the products sold. 17 U.S.C. § 102.

5

in this case. Indeed, Plaintiff does not claim that the goggles are advertised, made, or sold at this facility. Plaintiff submits no other evidence tending to show that Honeywell International purposefully directed activities at the forum by making sales of UVEX goggles in Missouri.

On this record, any alleged infringing conduct that occurred in Missouri points back to Honeywell Safety, not Honeywell International. Plaintiff has failed to meet its prima facie burden of showing Honeywell International purposefully directed any activities resulting in this claim at the forum. Hence, the Court does not have personal jurisdiction over Honeywell International.

## Conclusion

Honeywell International's motion to dismiss is GRANTED. Plaintiff's claim against Honeywell International is dismissed for lack of personal jurisdiction.

**IT IS SO ORDERED.**

Date:  January 25, 2019   /s/ Greg Kays
                                                                                   GREG KAYS, JUDGE
                                                                                   UNITED STATES DISTRICT COURT